# In the United States Court of Federal Claims

No. 24-1150
Filed: October 17, 2024

|  |  |
|---|---|
| JERROD ANTONIO FULLER, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## **OPINION AND ORDER**

Plaintiff, proceeding pro se, alleges numerous violations that appear to arise from his long-running divorce matter in the Maryland courts. *See generally* ECF Nos. 1 & 1-2.[1] The allegations include that the United States failed to dismiss or void cases, apparently in the Maryland courts. ECF No. 1 at 2. In August 2023, however, his now ex-wife secretly enrolled their children in a school in Frederick, Maryland, which was hours away from their Baltimore home. ECF No. 1-2 at 2. Shortly thereafter she informed him that she would not return to their home but would return the children a few days later. *Id.* She did not do so. Instead, she filed for a protection order based on information that Plaintiff contends was false and defamatory. *Id.* A Maryland court in Frederick granted a temporary protection order in September 2023.[2] *Id.* And in October 2023, the court entered a

All these events appear to stem from a breakdown of Plaintiff's marriage and the resulting litigation in Maryland courts. According to Plaintiff's exhibit attached to his complaint, he and his family lived in Baltimore, Maryland. ECF No. 1-2 at 2. In August 2023, however, his now ex-wife secretly enrolled their children in a school in Frederick, Maryland, which was hours away from their Baltimore home. ECF No. 1-2 at 2. Shortly thereafter she informed him that she would not return to their home but would return the children a few days later. *Id.* She did not do so. Instead, she filed for a protection order based on information that Plaintiff contends was false and defamatory. *Id.* A Maryland court in Frederick granted a temporary protection order in September 2023.[2] *Id.* And in October 2023, the court entered a

---

[1] Plaintiff filed his complaint using the court's form complaint for pro se filers. ECF No. 1. He also attached an exhibit that contains further details about his claims. ECF No. 1-2. Because these documents are not consecutively paginated, the court cites to the pagination in the ECF Headers.

[2] Although the Plaintiff does not specify whether the court in Frederick was a state or federal court, he later clarifies that "The Frederick Maryland courts" have failed to address his concerns. ECF No. 1-2 at 3. He also amended the caption of his complaint to add the Circuit Court for

final protection order.  *Id*.  Plaintiff alleges a series of problems with the service for the hearings regarding the protection order and that one of two hearings was conducted without him present. *Id*. at 2-3.

Plaintiff then recounts his attempts to quash or dismiss the order, which were not successful.  *Id* at 3.  The Maryland courts then granted Plaintiff's now ex-wife a divorce in April 2024.  *Id*.  All of Plaintiff's appeals failed.  *Id*.  Plaintiff also alleges that the Maryland courts then ordered the sale of the marital home without due process and apparently do not intend to give him any of the proceeds from the sale.  *Id*.  Finally, Plaintiff complains that the courts have unlawfully removed his children from his home.

Plaintiff seeks the following relief:

1.  The return of his children to the marital home to reside with him.

2.  To remove all financial debt related to the above litigation and to clear his name of domestic violence charges.

3.  $2 million for specific violations, "including emotional distress, mental anguish abuse, defamation of character, mail threats, unauthorized communication, legal research (response Sundry), and miscellaneous (notary, postage, gas, mileage), with associated penalties."

4.  $1,160,000 for trespass.

5.  $8 million "for the forced and/or attempted sale of real estate."

The Government has moved to dismiss this case for lack of subject matter jurisdiction and failure to state a claim.  ECF No. 6.  The Government filed its motion on August 13, 2024, and served it on Plaintiff via first-class mail on the same day.  *Id*. at 8 (Certificate of Service). Under Rule 7.2(b)(1), Plaintiff had 28 days to file a response to the Government's motion, plus an additional three days under Rule 6(d) due to service by U.S. Mail.  Thus, Plaintiff had until September 13, 2024, to file his response.  Plaintiff has not responded to the Government's motion.

This court, like all federal courts, is one of limited jurisdiction.  The primary grant of jurisdiction is in the Tucker Act, which provides jurisdiction to hear certain monetary claims against the United States.  28 U.S.C. § 1491(a)(1).  The Plaintiff bears the burden of establishing this court's jurisdiction.  *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted).  This is true even though the court holds pro se plaintiffs to a less stringent standard than represented parties.  *Minehan v. United*

---

Frederick Maryland, ECF No. 1 at 1, which is a state court.  This court also takes judicial notice of the fact that there is no United States District Court in Frederick, Maryland, *see* https://www.mdd.uscourts.gov/ (identifying the court locations as Baltimore, Greenbelt, and Salisbury, Maryland).

*States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).  This court lacks jurisdiction to hear any of Plaintiff's claims.

First, all Plaintiff's allegations are clearly directed at the Maryland courts and their officials or employees.  There is not a single allegation that the United States has done anything related to Plaintiff.  *See* ECF No. 1-2 at 2-3 (discussing actions and orders of the Maryland state courts).[3]  This court, however, lacks jurisdiction over any claim against any party other than the United States.  As the Supreme Court made clear, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of [this] court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Thus, "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original).  This court dismisses all claims against any party other than the United States, which appears to be all of them.  As an example, if the Maryland courts are allegedly ordering the sale of Plaintiff's marital home as part of their resolution of the Plaintiff's divorce matter, that is not an act of the United States and outside this court's jurisdiction.  In any event, as discussed below, the court lacks jurisdiction for multiple other reasons as well.

Second, to the extent that Plaintiff asserts tort claims, those claims are outside this court's jurisdiction, which is limited to "cases not sounding in tort."  28 U.S.C. § 1491(a)(1); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993).  Therefore, this court lacks jurisdiction to hear Plaintiff's claims for emotional distress, mental anguish abuse, defamation of character, mail threats, unauthorized communication, or trespass.  Any such claims are dismissed.

Third, to the extent that Plaintiff asserts criminal conduct, that too is outside this court's jurisdiction.  Here, Plaintiff identifies several statutes that he claims have been violated that provide this court with jurisdiction.  Many of these, however, are criminal statutes in Title 18 of the U.S. Code.  *See* ECF No. 1 at 1; ECF No. 1-2 at 1.  This court has no jurisdiction to enforce criminal laws.  *E.g.*, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that this court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . .").  Therefore, the court dismisses any claims based on criminal violations.

Fourth, Plaintiff's allegations of the Maryland courts' failure to follow various procedural requirements are beyond this court's jurisdiction.  It is clear from his complaint that these allegations relate to Maryland state courts.  *See*, *e.g.*, ECF No. 1 at 2; ECF No. 1-2 at 2-4.  There are, in fact, several cases that Plaintiff has been a party to relating his divorce and related

---

[3] Although Plaintiff alleges that "the United States" has done things in his complaint, ECF No. 1 at 2, his exhibit detailing his claim makes clear these allegations relate to the Maryland state courts, not the United States.  Thus, while he claims the United States has failed to void cases against him, that claim relates to actions of the Maryland courts.  *See* ECF No. 1-2 at 2-3.  The same is true regarding his allegations regarding invalid service.  *Id*.  He claims the United States removed his children, but that too is referring to the order of the Maryland state courts.  ECF No. 1-2 at 3.  Similarly, he alleges that the United States forced the sale of his home, but this too is an allegation directed at the Maryland state court orders.  ECF No. 1-2 at 2-3.  In the end, there are no allegations that the United States did anything to the Plaintiff, much less anything entitling him to compensation from the United States.

matters.  *See*, *e.g.*, *Fuller v. Fuller*, No. ACM-REG-0489-2024 (Md. Ct. Spec. App., 2024); *Fuller v. Fuller*, No. ACM-REG-2374-2023 (Md. Ct. Spec. App., 2024); *Fuller v. Fuller*, No. C10FM23001402 (Md. Cir. Ct. of Frederick, 2023); *see also* ECF No. 1 at 2; ECF No. 1-2 at 2-3.  Those are state court proceedings.  If Plaintiff is unhappy with the outcomes of those proceedings, his recourse is through the Maryland appellate courts, not this one.  *E.g.*, *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

Because this court lacks jurisdiction over any claim brought by the Plaintiff, the Government's motion to dismiss for lack of subject matter jurisdiction, ECF No. 6, is GRANTED.  Plaintiff's motion for leave to file in forma pauperis, ECF No. 2, is denied as moot. The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.


<u>s/ Edward H. Meyers</u>
EDWARD H. MEYERS
Judge