# In the United States Court of Federal Claims

No. 24-1150

Filed: November 13, 2024

|  |  |
|---|---|
| JERROD ANTONIO FULLER, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) |

## OPINION AND ORDER

Pursuant to Rule 59, Plaintiff, proceeding pro se, asks this court to reconsider its dismissal of his case. As the court explained in its opinion dismissing Plaintiff's case, this court has no jurisdiction over claims against any party other than the United States nor over any claim seeking the review of state court decisions. ECF No. 7 at 3-4. Plaintiff claims that new evidence that he was previously unaware of warrants this court's reconsideration of its prior order.

Under Rule 59, this court "may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues." RCFC 59(a)(1). "To prevail on a motion to reconsider or amend the judgment, Plaintiffs must show extraordinary circumstances that justify the relief sought, as reconsidering or amending a judgment after its entry should be done sparingly." *Childers v. United States*, 118 Fed. Cl. 394, 395 (2014) (citations omitted). Plaintiff, therefore, "must establish a manifest error of law or mistake of fact." *Id*. And to demonstrate a manifest error, plaintiff "must show '(1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice.'" *Id*. (quoting *Matthews v. United States*, 73 Fed. Cl. 524, 526 (2006)).

Rather than demonstrate error by this court, Plaintiff's motion shows that the court was correct. First, Plaintiff relies on various Supreme Court cases regarding parents' rights to raise their children absent a compelling state interest for the state to interfere with that relationship. ECF No. 9 at 3. That is certainly true, but it was the Maryland state courts that have adjudicated Plaintiff's custody matter and it is outside this court's jurisdiction to review those state court decisions. ECF No. 7 at 3-4.

Second, Plaintiff alleges that there is either a conflict of interest or fraud upon the court that justifies reconsideration. ECF No. 9 at 3. This assertion arises from the fact that Plaintiff's former spouse is an attorney. Here, Plaintiff contends that it is the "Circuit Court for Frederick

Maryland" that is abusing its authority over his ex-wife. *Id*. Again, this court lacks jurisdiction over the Circuit Court for Frederick Maryland because that court is not the United States. Nor does this court have jurisdiction to review that court's decisions. ECF No. 7 at 3-4.

Third, Plaintiff contends that the "Circuit Court for Frederick County, Maryland" failed to establish its jurisdiction, rendering its judgment void. ECF No. 9 at 4. Again, as explained above and in this court's prior opinion, if Plaintiff has a complaint about the Maryland state court actions, his recourse is through the appellate process available in the Maryland state court system, not this court. ECF No. 7 at 4 (citing *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).

Finally, Plaintiff makes clear that:

> This Complaint is against the Circuit Court or Frederick Maryland, its Individuals and its clear violations regarding case number C10FM23001402 and C10FM23810396. The Circuit Court for Frederick Maryland Lacked Jurisdiction from the beginning, for both cases. All individuals failed to provide proof of jurisdiction upon my request in both cases.

ECF No. 9 at 5. In plain terms, Plaintiff confirmed that all his allegations are directed at the state court proceedings that this court lacks jurisdiction to review. Therefore, this court DENIES Plaintiff's motion for reconsideration, ECF No. 9.

It is so ORDERED.

s/ Edward H. Meyers
EDWARD H. MEYERS
Judge
